# Houseman v. John.

The docket entries of a case heard by a Justice of the Peace, must show the kind of evidence upon which judgment was rendered. It is not sufficient, that the docket recites that "after hearing the allegations of the plaintiff, the defendant not being present, I publicly enter judgment in favor of the plaintiff, &c."

### INSUFFICIENCY OF TRANSCRIPT—CERTIORARI.

No. 54, August Term, 1902; C. P. of Chester Co.

Certiorari to Justice of the Peace.

I. N. Wynn, Esq., for plaintiff.

H. H. Gilkyson, Esq., for defendants.

Opinion by J. HEMPHILL, P. J., September 29, 1902.

The defendants' second exception is,—"It does not appear by the record that any evidence was given in support of the plaintiff's claim."

The Justice's transcript recites that, "after hearing the allegations of the plaintiff, the defendant not being present, I publicly enter judgment in favor of the plaintiff, &c."

This is insufficient to sustain the judgment, for the 4th section of the Act of March 20, 1810, 5 Sm. Laws, 101, requires that the proceedings before a Justice "shall be entered at large by him in the docket or book to be kept by him for that purpose; in which he shall state the kind of evidence upon which plaintiff's demand may be founded;" and "allegations" are not "evidence" of any kind, but are defined to be "statements of what one can prove," Anderson's Dic. of Laws.

For cases similar to above, see Young v. Getz, 6 Dist. Rep., 78, and Wolf v. Sailer, 10 Dist. Rep. 601.

Since the transcript fails to disclose any evidence to support the judgment, it must be reversed, and the proceedings set aside.

Reported by A. T. Parke, Esq.,<br>West Chester, Pa.